**Marvin NORMAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 55809.**

Court of Criminal Appeals of Texas, Panel No. 3.

Jan. 3, 1979.

Judd B. Holt, Wichita Falls, for appellant.

Timothy D. Eyssen, Dist. Atty., Wichita Falls, for the State.

Before DOUGLAS and TOM G. DAVIS, JJ.

OPINION

DOUGLAS, Judge.

Marvin Norman appeals his conviction for aggravated robbery. The jury assessed his punishment at ten years.

Jan Bilger was the manager of a Jiffy Food Store in Wichita Falls. Sandy Gustafson was visiting her in the store. Bilger testified that shortly before midnight a man entered the store, spoke to her and stayed three or four minutes. When a woman entered, the man left. After the woman made her purchase and left, the man returned and stayed in the store for three or four minutes. Then he suddenly grabbed Gustafson, who was standing near the counter, around the neck and pointed a gun at Bilger and said, "The bag", "Give me the bag". He said, "the bag, the bag, the bag," and he "motioned the gun toward the desk . . ." She then picked up the bag of money and gave it to him. He made her lie down on the floor and he left the store. She related that when he first walked out both of the women noted that it was "kind of strange somebody walking to the back and staying so long and walking to the front." She was about a foot and a half from him and they were facing each other for about a minute until she finally discovered what he wanted. She identified the man in the courtroom as the man who robbed her.

After the robbery she went to the police station. A detective put several pictures on a desk and she picked out the one of Norman. She testified that her courtroom identification was "from seeing the man twice when he was in my store."

Sandy Gustafson testified that she was in the Jiffy Food Store the night of the robbery visiting Jan Bilger. She testified that appellant came into the store and went to the back. He left and later returned. She testified to substantially the same things as Bilger did. She related that the man grabbed her around the neck and pointed a gun at Bilger and told her to give him the bag. This she did. "He told her to lay on the floor and threw me down and then he ran out the store."

Officer William Horton testified that he talked to Bilger and Gustafson and that Bilger gave him a fairly general description of the robber—that he was a black male about 5'10", wearing dark clothing, dark shirt, dark pants, had a hat on and had on sunglasses.

■ The main contention is that reversible error was committed in not furnishing counsel for defense the statement made by Bilger at the police station for cross-examination purposes. The assistant district attorney, who was in charge of the case, testified that he had never seen her statement. He testified that earlier he read everything that he had in his file to counsel for the defense. The prosecutor further related that he called Officer Vaden of the Wichita Falls Police Department. Vaden informed him that a thorough search for several hours had been made but a copy of her statement could not be found.

Officer Cawyer testified that he had seen the police reports to refresh his memory before testifying, a part of the report which he had with him was given to defense counsel. Officer Horton testified that he questioned Bilger and Gustafson. There is no showing that defense counsel requested any report made by Gustafson to see if there was any conflict in the statements made by Bilger and her testimony at the trial. There is no indication that the two women gave any conflicting statements to the officer or to anyone else. The only difference in their testimony was that one of the women testified she thought the robber might have been five feet, ten inches tall, but that she was not sure because he "slouched" over when he walked. The other woman testified that he was possibly five feet, eight inches tall.

The testimony of Gustafson was sufficient to show that appellant committed the robbery without considering the testimony of Bilger. We hold that the inability of the prosecutor to produce the statement of the witness Bilger was harmless error under the circumstances of this case. However, it would have been a better practice for the prosecution to have called an officer or officers to testify concerning the failure to locate the missing statement.

■ Appellant also contends that an extraneous offense was proved. Clarence

Boyd, Jr., testified that at approximately 7:00 p. m. he saw "these people come by that had bothered my boy, jumped my boy." The court instructed the jury to disregard that remark. There is no showing that appellant was in the group that bothered or "jumped" the boy. The instruction of the court cured any error that was made when the witness volunteered the statement. See *Evans v. State,* 542 S.W.2d 139 (Tex.Cr. App.1976).

No reversible error has been shown. The judgment is affirmed.