Samuel Earl MOSELY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–81–0044–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 23, 1981.

Michael Allen Peters, Houston, for appellant.

Larry Urquhart, Houston, for appellee.

Before WARREN, BASS and DUGGAN, JJ.

DUGGAN, Justice.

The appellant was convicted of robbery, and his punishment, enhanced under V.T.C.A. Penal Code, Sec. 12.42 by the allegation and proof of a prior felony conviction, was assessed by the jury at life in the Texas Department of Corrections.

The evidence shows that on March 28, 1979, the complainant, Wesley Frazier, was approached by the appellant outside Frazier's Motel in Harris County, Texas. Frazier testified that the appellant offered to sell him a color television set, which he declined. After he turned away from the appellant to leave, the appellant tackled him to the ground, took his wallet and ran away. Frazier testified that he received a skinned elbow and reinjured his tailbone during the robbery.

Appellant asserts seven grounds of error on appeal.

■ In his first ground of error, appellant alleges reversible error in the trial court's refusal to quash the indictment, inasmuch as it failed to specify who had possession of the property at the time of the robbery. This ground of error is overruled, since appellant was indicted under the new Penal Code, which no longer requires allegations of the elements of theft in an indictment for robbery. *Ex Parte Lucas*, 574 S.W.2d 162 (Tex.Cr.App.1978); *Reese v. State*, 531 S.W.2d 638 (Tex.Cr.App.1976). Cases cited by the appellant were decided under the old penal code and are no longer viable statements of the law in support of his position.

Appellant's second and third grounds of error urge fundamental error in the court's charge for allowing conviction upon a theory not alleged in the indictment. Appellant argues that while the indictment charged that he did "... *intentionally* and *knowingly* cause bodily injury to the complainant," the court's charge authorized conviction if "... in the course of committing theft ... he or she intentionally, knowingly or *recklessly* causes bodily injury to another" (emphasis added).

The word "recklessly" appears in Section 29.02 of the Penal Code, which defines the offense of robbery as conduct done in the course of committing theft, with the intent to obtain or maintain control of the property, where the person either:

(1) intentionally, knowingly or recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

The first paragraph of the court's charge, defining the offense of robbery, stated that:

Our law provides that a person commits an offense if, in the course of committing

theft, as that term is hereinafter defined, and with intent to acquire and maintain control of corporeal personal property of another, he or she intentionally, knowingly or recklessly causes bodily injury to another.

The precise language of the court's charge in applying the law to the facts instructed the jury as follows:

Now *if you find from the evidence* beyond a reasonable doubt that on or about the 28th day of March, 1979, in Harris County, Texas, the defendant, Samuel Earl Mosely, did, while in the course of committing theft of property owned by Wesley Frazier, hereinafter styled the Complainant and with intent to obtain and maintain control of the property, *intentionally and knowingly cause bodily injury* to the complainant, *then you will find the defendant guilty* of robbery as charged in the indictment (emphasis added).

The term "recklessly" does not appear in this paragraph applying the law to the facts. It is clear from reviewing the charge above that conviction was authorized only if the jury found the appellant to have intentionally and knowingly caused bodily injury to the complainant. The jury was not instructed as to a definition of the term "recklessly," and the trial court did not authorize the jury to find the appellant guilty of robbery for recklessly causing bodily injury to the complainant.

█ It has long been held proper for the trial court to set forth the general law in its charge and to then make a direct and pertinent application of the law to the facts in the particular case. *Martinez v. State,* 157 Tex.Cr.R. 603, 252 S.W.2d 186 (1952). In *Grudzien v. State,* 493 S.W.2d 827 (Tex.Cr. App.1973), involving sale of marihuana, the court tracked the pertinent statute and charged that it was unlawful to "manufacture, possess, sell, prescribe, administer, dispense or compound" any narcotic drugs. The court then applied the law to the facts of the case, and authorized a finding of guilty only for a sale of marihuana. No harm or reversible error was found. See

also *Grady v. State,* 614 S.W.2d 830 (Tex.Cr. App.1981), and *Toler v. State,* 546 S.W.2d 290 (Tex.Cr.App.1977), in which it was held that abstract statements of the law going beyond allegations in the indictment do not present reversible error when the court's application of the law to the facts effectively restricts the jury's deliberation to the allegations in the indictment. Such has been done in the present case, and no error is shown. Cases cited by the appellant to support his position involve jury charges that did *not* limit the law to the facts proven at trial, but which specifically authorized conviction for reasons outside the indictment, and are not applicable here. Appellant's second and third grounds of error are overruled.

In his fourth ground of error, appellant urges that the trial court erred in denying his motion for mistrial after the State asked an allegedly improper question to the complainant on redirect examination. The pertinent examination was as follows:

Q. (Mr. Prashner): Prior to March 28, 1979, did you ever have any bad experiences with the [defendant]?

Mr. Peters: Excuse me, Judge. I am going to object.

A. (Continuing) No bad experience—

The Court: Sustained.

Mr. Peters: I would ask the Court to instruct the jury to disregard that statement by the prosecution.

The Court: The jury is so instructed. This is improper redirect. These are not matters raised on cross.

Mr. Peters: I would move at this time for a mistrial.

The Court: Overruled.

█ The appellant contends that the question called for an answer which tended to show that the appellant was a criminal generally, in direct violation of *Jackson v. State,* 363 S.W.2d 947 (Tex.Cr.App.1963). This contention is incorrect for several reasons. First, *Jackson* does not deal with improper questions tending to show a defendant to be a criminal generally. Rather, it condemns an unanswered question that implied or conveyed to the jury the idea

that the defendant had committed an offense extraneous to that charged; the decision is devoid of any reference to questions tending to show a "generally criminal nature." In our case, reference to "bad experiences" does not in itself imply or convey to the jury an offense separate and distinct from that of robbery. Second, the complainant answered the question by stating that he had had no bad experiences with the appellant prior to the offense. Third, any error was cured by the court's instruction to disregard the question. The question was not one clearly calculated to inflame the minds of the jury nor of such character as to prevent withdrawal of the impression produced. *Evans v. State*, 542 S.W.2d 139 (Tex.Cr.App.1976). The cases cited by the appellant are distinguishable in that they involve either situations where there was no instruction to disregard, or there was evidence that the jury had ignored the instructions to disregard during deliberations.

Appellant's argument regarding the testimony of a second prosecution witness will not be considered because any error with respect to such testimony, cumulative or original, has not been presented to this court by a ground of error. No fundamental error appears.

By his fifth ground of error, appellant alleges that the trial court erred in overruling his motion to quash the indictment in that it failed to specify the type of injury, degree of injury, or part of the body injured. Appellant cites *Jones v. State*, 118 Tex.Cr.R. 106, 38 S.W.2d 587 (1938), which held that an offense must be sufficiently charged and cannot be aided by intendment.

In his second motion to quash the indictment, the appellant had alleged that:

The indictment is fatally defective in that the indictment recites that Defendant intentionally and knowingly caused bodily injury to the Complainant. The pleading is vague, indefinite and it is a specific element which distinguishes the offense of robbery from theft. The indictment states bodily injury and the Defendant is entitled to know what injury was sustained to what part of body.

Although the appellant has cited no authority holding that an indictment for robbery must state what type of bodily injury was sustained, the degree of bodily injury and the part of the body injured, two recent decisions have held it to be reversible error to overrule a motion to quash an indictment for aggravated robbery where the indictment failed to allege the *means* used by defendant in causing bodily injury. In *Ellis v. State*, 613 S.W.2d 741 (Tex.Cr.App.1981), and in *Cruise v. State*, 587 S.W.2d 403 (Tex. Cr.App.1979) it was held that a defendant is entitled to an allegation of facts in the indictment sufficient to bar a subsequent prosecution for the same offense and sufficient to give him precise notice of the offense with which he was charged. While the court stated that it was *not* a fundamental requisite, it held that the indictment must specify, upon the defendant's request, the manner in which the defendant caused bodily injury to the complainant.

In the present case, however, the appellant alleges a defective indictment based on grounds and objections that go beyond the precedent established by *Cruise* and *Ellis.* Requiring a statement in an indictment for robbery of the type of bodily injury sustained, the degree of bodily injury inflicted, and the part of the body injured would compel much more detail than a mere statement of the manner in which the appellant caused the bodily injury to the complainant. To sustain appellant's fifth ground of error would invite an uncharted expansion of *Cruise* and *Ellis.*

In *Thomas v. State*, 621 S.W.2d 158 (Tex. Cr.App.1981), the court held that an allegation of "owner" was sufficient in a theft indictment without specifying which category of ownership, as set out in Texas Penal Code Section 1.07(a)(24), was applicable. *Thomas* also held that an allegation of "effective consent" was sufficient without specifying which of the manners of consent enumerated in Section 1.07(a)(12) was effected, and stated that: .

The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State. (Citing authorities). Moreover, when a term is defined in the statutes, it need not be further alleged in the indictment. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App. 1974); *May v. State*, 618 S.W.2d 333 ( [Tex.Cr.App.] 1981).

■ The court in *Thomas* observed that in the *Cruise* decision, the motion to quash was not directed at which type of bodily injury, as defined in V.T.C.A. Penal Code, Section 1.07(a)(7), had occurred, but rather was directed at what acts (i.e., striking, kicking, shooting or stabbing) *caused* the bodily injury. We conclude that in the instant case the detailed allegations sought by the appellant are merely evidentiary matters not required for purposes of notice and plea in bar. Accordingly, appellant's fifth ground of error is overruled.

Appellant's sixth ground of error alleges reversible error in the court's denial of certain information sought in his motion to discover. In his motion, he asked to be furnished with information regarding the location of the complainant's wallet and its contents, the name of the party finding it, and the time it was found.

■ Discovery in criminal matters is controlled by Art. 39.14, V.A.C.C.P., and is a matter within the trial court's discretion. *Quinones v. State*, 592 S.W.2d 933 (Tex.Cr. App.1980). Art. 39.14, upon proper procedural compliance, allows

[I]nspection and copying or photographing by or on behalf of the defendant of any designated documents, papers, written statements of the defendant ... books, accounts, letters, photographs, objects or tangible things not privileged, which constitute or contain evidence material to any matter involved in the action and which are in the possession, custody or control of the State or any of its agencies.

The information sought by appellant's motion to discover is not within those items deemed discoverable under Art. 39.14. No reversible error is shown by the trial court's refusal to grant appellant's request, nor has any abuse of discretion been alleged or shown. Appellant's sixth ground of error is overruled.

Appellant's seventh and eighth grounds of error allege reversible error by the trial court in its denial of his motion to discover a list of all the descriptions of the robber given by the complainant, and the names of all other persons charged or arrested for the robbery.

We note that appellant's seventh ground of error actually alleges two errors, and is multifarious in nature, presenting nothing for review. However, neither error alleged in the ground of error constitutes reversible error. Although the appellant asserts that the trial court denied his request for names of all other persons charged or arrested for the robbery, the record clearly shows that this request was granted, and that the appellant was instructed that it was his obligation to contact the State to obtain the information he requested. The seventh ground of error is overruled.

■■ As to the denial of a list of the descriptions of the robber given by the complainant, the record does not show that any such list was in existence or in possession of the State, as required by Art. 39.14. *Bryant v. State*, 423 S.W.2d 320 (Tex.Cr. App.1968). Additionally, the standard employed in determining whether the trial court abused its discretion in refusing to permit discovery of certain evidence is not whether the error was harmless, but whether the evidence sought was material to the defense. *Quinones, supra.* The record shows that the complainant had testified in court as to his description of the appellant. No reversible error has been shown, nor has any abuse of discretion been alleged or shown. Appellant's eighth ground of error is overruled.

The judgment of the trial court is affirmed.