**John Pershing PEDEN, Jr., Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–81–103–CR.**

Court of Appeals of Texas, Fort Worth.

April 14, 1982.

Law Offices of James R. Moriarty and Donna M. Bobbitt, Houston, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall, Asst. Dist. Atty., Fort Worth, for appellee.

Before HUGHES, HOLMAN and RICHARD L. BROWN, JJ.

## OPINION

HUGHES, Justice.

John Pershing Peden, Jr. has appealed his conviction of the offense of Solicitation of a Child. The jury which found him guilty assessed his punishment at confinement in the county jail for one year and a $2,000.00 fine.

We affirm.

Appellant has two grounds of error urged, both complaining of the trial court's not quashing the information. Ground of Error Number One urges that the information failed to allege the culpable mental state necessary to support a finding of sexual contact with the complaining witness. Ground of Error Number Two urges that the information does not "show facts necessary to give notice of the precise charge against appellant so as to bar a subsequent prosecution for the same offense, because the crime alleged could rest upon more than one factual theory".

We refer to that part of the information of which appellant complains:

JOHN PERSHING PEDEN JR hereinafter called Defendant, in the County of Tarrant and State aforesaid, on or about the 27th day of MAY 1979, did THEN AND THERE INTENTIONALLY AND KNOWINGLY ENTICE, PERSUADE AND INVITE RICHARD LEWIS SPIVEA A CHILD YOUNGER THAN 14 YEARS TO ENTER A VEHICLE WITH THE INTENT TO ENGAGE IN AND TO PROPOSE TO ENGAGE IN SEXUAL INTERCOURSE, DEVIATE SEXUAL INTERCOURSE AND SEXUAL CONTACT WITH SAID CHILD AND WITH INTENT TO EXPOSE HIS ANUS AND ANY PART OF HIS GENITALS TO SAID CHILD.

We note that appellant moved for a directed verdict on all four theories set out in the information. The motion was granted on all but the "sexual contact", and that went into the court's charge to the jury.

Since there are no evidentiary grounds urged here, we will touch but briefly on the testimony in the case. Lewis Spivea was a thirteen year old boy on the day alleged in the information. His was part of the State's evidence. He testified that: He received a phone call on May 27, 1979, (the date alleged in the information) from a man who asked him if he liked parties and having sex with girls. The man said he would provide girls for him and asked him personal questions about his genitalia. The man invited him to come to a 7–11 close-by and meet him. The boy agreed and met him at 7:00 p. m. that evening. The man, who was identified by the boy as appellant, talked him into his automobile where he showed him pictures of nude men and boys and a *Flick* magazine. Then appellant placed his hand on the boy's genitalia. The boy pushed the hand off and got the man to drop him off at a swimming pool. He stayed at the pool a while and went home and reported the incident to his parents.

Did the information allege a culpable mental state in the appellant? V.T.C.A. Penal Code § 25.06 "Solicitation of a Child" (1974) provides:

(a) A person commits an offense if he entices, persuades, or invites a child younger than 14 years to enter a vehicle, building, structure, or enclosed area with intent to engage in or propose engaging in sexual intercourse, deviate sexual intercourse, or sexual contact with the child or with intent to expose his anus or any part of his genitals to the child.

(b) The definitions of "sexual intercourse," "deviate sexual intercourse," and "sexual contact" in Chapter 21 of this code apply to this section.

■ The information involved here alleged an *intent* to commit or propose to commit the underlying constituent offenses. We hold this to be the culpable mental state appellant says is missing. The elements of these constituent offenses need not be pleaded. *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974), *Robinson v. State*, 596 S.W.2d 130 (Tex.Cr.App.1980), *Bolhman v. State*, 629 S.W.2d 54 (Tex.Cr.App.1982). We overrule Ground of Error Number One.

■ Does the information not show facts necessary to give notice of the precise charge against appellant because the crime alleged could rest upon more than one factual theory? Appellant avers that the State does not have the right to "track" the "solicitation" statute in its information because such solicitation may be accomplished in five different ways.

In 1 Branch's Ann.P.C., 2nd ed. § 523, p. 500, it is written:

If a statute creates only one offense and prohibits something which is not defendant's duty to do, the different phases of the offense—that is, the different ways by which it may be committed—may be alleged in the same count if not repugnant to each other and if the punishment is the same, and the correct way of joining such is by the word 'and,' *and under such joinder proof of any one of such phases so joined is sufficient.* (Citations omitted.) (Emphasis supplied.)

The foregoing quote is from the recent case of *Zanghetti v. State*, 618 S.W.2d 383 (Tex. Cr.App.1981), in which the indictment was held by the Texas Court of Criminal Ap-

peals to properly allege three different means of killing the deceased. This proof of alternate statutory variations has been upheld in *Thomas v. State*, 621 S.W.2d 158 (Tex.Cr.App.1981). We overrule Ground of Error Number Two.

We affirm.