Paul Redondo GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 09 82 115 CR.

Court of Appeals of Texas, Beaumont.

Feb. 23, 1983.

Bruce Smith, Smith & Thorne, Beaumont, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

DIES, Chief Justice.

Appellant was charged by information in County Court at Law No. 2, Jefferson County, that he did "entice, persuade, and invite Johnny Howard Taylor, a child younger than fourteen years and hereafter styled the complainant, to enter an automobile with intent to propose engaging in deviate sexual intercourse with the complainant." He was convicted and sentenced by a jury to 356 days in jail and fined $2,000, from which he has perfected this appeal.

Appellant's first ground of error assigns error in the failure to quash the information because it failed to allege facts sufficient to apprise appellant of precisely what he is charged with. The argument advanced is that Tex.Penal Code Ann. § 21.01(1) (Vernon Supp.1982–83) defines "deviate sexual intercourse" as "any contact between any part of the genitals of one person and the mouth or anus of another," and that appellant was entitled to know which the State was contending. The information tracts the language of the penal statute, which is generally sufficient to provide a defendant with notice. *Bollman v. State,* 629 S.W.2d 54, 55 (Tex.Cr.App.1982); *Phillips v. State,* 597 S.W.2d 929, 934 (Tex. Cr.App.1980). The charging instrument need not plead evidence. *Phillips v. State,* supra at 935. Here whether appellant intended oral or anal sex was immaterial because either constitutes the offense plead.

In *Phillips v. State,* supra, appellant asserted allegations with "intent to violate and abuse the complainant sexually" were too vague. The court held appellant's requested information was essentially evidentiary. This ground is overruled.

Appellant's next ground of error urges error in that the information failed to describe the automobile. We have found no case addressing this point, but we cannot perceive how this injured appellant. Appellant also argues that an automobile is not necessarily a vehicle, and the court was incorrect in so charging the jury. We believe the terms are nearly synonymous. See *Coleman v. State,* 608 S.W.2d 923, 924 (Tex.Cr.App.1980).

Appellant's next ground of error urges the information failed to sufficiently allege how or in what manner the defendant enticed, persuaded, and invited the child. The evidence showed appellant offered and did give the two boys marijuana if they would go riding with him. This need not have been plead. In addition to the authorities we cited earlier, see *Mosely v. State,* 627 S.W.2d 770 (Tex.App.—Houston [1st Dist.] 1981).

Appellant's next ground of error contends the information failed to allege a culpable mental state in connection with the allegation of enticing, persuading, and inviting. The specific intent to propose engaging in deviate sexual intercourse is the intent needed to be alleged by the State. See *Peden v. State,* 631 S.W.2d 811, 813 (Tex.App.—Fort Worth 1982). See also *Canada v. State,* 636 S.W.2d 632 (Tex.App. —San Antonio 1982). This ground of error is overruled.

We have previously addressed appellant's ground of error II.B., and it is overruled.

Appellant's ground of error number three (III) urges insufficiency of the evidence. Intent to commit an offense is generally proven by words, acts, and conduct—circumstantially. See *Dillon v. State,* 574 S.W.2d 92, 94–95 (Tex.Cr.App.1978); *Price v. State,* 410 S.W.2d 778, 780 (Tex.Cr. App.1967); *Kincaid v. State,* 150 Tex.Cr.R.

45, 198 S.W.2d 899, 900 (1946). The evidence showed appellant asked the boys if they had ever had sex with a male, and, on being told no, he replied to the effect they were going to. He then started to the back seat where the boys were but was stopped when stabbed several times by the older boy. We believe the evidence was sufficient for the conclusion of the jury. This ground of error is overruled.

Appellant's ground of error number four (IV) asserts: "[t]he trial court erred in excluding appellant's evidence impeaching State's witness." One of the State's witnesses had been convicted of criminal mischief prior to testifying. The issue is whether this is a crime involving moral turpitude. We have found no case on this point. See 10 Tex.L.Rev. 262 (1932). In R. Ray, *Texas Law of Evidence* § 658 at 592 (Texas Practice 3d ed. 1980), we find "[O]ur courts would be wise to limit such impeaching evidence to convictions of crimes involving dishonesty or false statement." While it could be argued, and with force, that this witness's conduct (taking money from a coin video game) was dishonest, still we believe the crime is not one involving moral turpitude. This ground of error is overruled.

Appellant's ground of error five (V) asserts: "[t]he trial court erred by its failure to charge on lesser included offense when timely requested." The argument advanced is that Tex.Rev.Civ.Stat.Ann. art. 2338–1b (Vernon Supp.1982–83)—contributing to delinquency of child or acting in conjunction with child—is a lesser included offense of solicitation of a child under Tex. Penal Code Ann. § 25.06 (Vernon Supp. 1982–83). We have found no cases so holding. Nevertheless, a defendant is entitled to a charge on a lesser included offense only if there is evidence that if guilty at all he is guilty of only the lesser offense. *Watson v. State,* 605 S.W.2d 877, 884 (Tex.Cr.App. 1980). See our discussion on the sufficiency of the evidence above. This ground of error is overruled.

The next two grounds of error involve the trial court's use of the words "vehicle" and "automobile" interchangeably. We have already addressed this herein. These grounds of error are overruled.

Appellant's last ground of error challenges the taking of pictures by the police of appellant's automobile without his permission, or a warrant. The automobile was in the front yard in plain view. In 1 LaFave, *Search and Seizure*, § 2.3 at 304 (1978), we find:

> "Thus, courts have held 'that police with legitimate business may enter the areas of the curtilage which are impliedly open to use by the public,' and that in so doing they 'are free to keep their eyes open and use their other senses.' This means, therefore, that if police utilize 'normal means of access to and egress from the house' for some ligitimate purpose, such as to make inquiries of the occupant ... it is not a Fourth Amendment search for the police to see or hear from that vantage point what is happening inside the dwelling."

This would seem clearly to give the officers the authority to verbally describe this car in a front yard. Therefore, a photograph depicting the same should be admissible. See *Harrington v. State*, 547 S.W.2d 621, 626 (Tex.Cr.App.1977); *Gonzales v. State*, 532 S.W.2d 343, 345 (Tex.Cr.App. 1976).

Furthermore, appellant did not timely object to the admission of the photographs. His objection came after they were in evidence and the jury had viewed them. *Marini v. State*, 593 S.W.2d 709, 716 (Tex.Cr.App.1980); *Crocker v. State*, 573 S.W.2d 190 (Tex.Cr.App.1978). This ground of error is overruled.

The judgment of the trial court is AFFIRMED.