OPINION
NYE, Chief Justice.
A jury found appellant guilty of injury to a child. TEX.PENAL CODE ANN. § 22.04 (a)(1). The trial court assessed punishment at 50 years in the Texas Department of Corrections.
In his first ground of error, appellant contends that the trial court committed reversible error in allowing the State to question witnesses and appellant about the details of a prior rape conviction. The record shows that the rape conviction was first brought to the attention of the jury during the appellant’s cross examination of Debra Shepherd, appellant’s former girlfriend. Appellant’s counsel asked her if she was aware that appellant had been on parole following a Virginia rape conviction. Shepherd responded that she was aware of these matters.
On redirect and over objection, the State was allowed to question Shepherd about details of the rape conviction as related to her by appellant. The State argues on appeal that (1) appellant opened the door by asking Shepherd if there had ever been any signs of violence by appellant toward the child or her, and (2) that her answers to those questions left the false impression that there was nothing in her experience which would indicate that appellant was prone to be violent.
We disagree with the State’s position that the appellant opened the door to the admission of details of the prior conviction. Appellant’s questions were directed entirely to what the witness herself had observed of the appellant’s conduct. A fair reading of appellant’s questions shows no general inquiry into appellant’s propensity to be peaceful, and Shepherd’s answers do not address any matter concerning appellant’s nature outside of her relationship with appellant. We therefore hold that the *361 trial court erred in allowing the State to introduce the details of the prior rape.
We next turn to the question of whether the trial court’s error harmed appellant and should cause a reversal of the conviction. We have reviewed the portions of the record cited to us by appellant wherein the State asked questions dealing with the pri- or rape. The testimony of Debra Shepherd which was admitted over appellant’s objection reveals that appellant told Shepherd that he “didn’t do it, that he was in the Reserves or something and a bunch of them had all gone out and they met this girl, and that apparently this girl was pregnant or something and he took her home and then it was quite some while that she came up that Don had raped her and that it took a long time, that she wouldn’t come and identify him or something ...” She further testified over objection that appellant had told her that the woman was pregnant, that her husband or boyfriend had come home, and “that was the main reason why, you know, she went and filed charges or claimed that she was raped.”
Appellant testified on direct examination how he had pled guilty to rape in Virginia even though the alleged rape victim refused to appear in court and identify him.[1] His testimony was consistent with and similar to that of Debra Shepherd.
In reviewing all of the above testimony, we are convinced that the portion of the testimony which was admitted over objection was not harmful to appellant. The improper admission of evidence will not be reversible error unless there is a reasonable probability that the complained of evidence might have contributed to the conviction. Esquivel v. State, 595 S.W.2d 516 (Tex.Crim.App.1980). If anything, this hearsay testimony showed appellant to be a victim of circumstance rather than a violent rapist. Moreover, in his brief appellant does not suggest how this testimony harmed him. We are unable to see how the jury’s determination of guilt may have been affected by the admission of these details. Appellant’s first ground of error is overruled.
In his second and third grounds of error appellant complains that the prosecutor persistently disregarded the trial court’s rulings thereby prejudicing the appellant in the presence of the jury. In his brief appellant cites only those pages where the trial court ruled that details of the prior rape conviction were admissible. We are unable to locate any portion of the record where the prosecutor persistently disregarded the trial court’s ruling or prejudiced the appellant in the jury’s presence. These grounds of error are overruled.
In his fourth ground of error appellant contends the trial court should have granted his motion for mistrial after the prosecutor asked appellant if he had ever told David Angelí, an acquaintance, that he killed a man. Appellant immediately objected to the prosecutor’s question. The objection was sustained and the jury was instructed to disregard the question. Appellant’s motion for mistrial was then overruled. The State cites us to Evans v. State, 542 S.W.2d 139 (Tex.Crim.App.1976). This case is not on point. In Evans, the reference to the extraneous offense was admitted through the answer of a witness in response to a proper question posed by the prosecution. In the present case, the State injected the extraneous offense through an improper question. Appellant also cites us to various cases which are not on point, referring us to cases where the prosecutor repeatedly asked improper questions, unlike the present case where only one reference was made to the alleged extraneous offense.
Generally, a conviction will not be reversed solely because an improper question was propounded to a witness where an *362 instruction to disregard is given except in extreme cases where the evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds. We find the question, while improper, was not of such a character as to constitute such error. See Gonzales v. State, 685 S.W.2d 47 (Tex.Crim.App.1985). Appellant's fourth ground of error is overruled.
In his fifth and sixth grounds of error appellant complains of the trial court’s failure to include certain requested jury instructions. The basis for the requested instructions was appellant’s testimony that he struck the child but did not intend to cause serious bodily injury. Appellant testified that when he swatted the child he used just enough force to scare the child and perceived no risk of causing serious bodily injury. He explained that his swat caused the child to stumble into a table, thereby causing the severe injuries.
It is well settled that a defendant is entitled to an instruction on every issue raised by the evidence, whether produced by the State or the defendant, and whether it be strong, weak, unimpeached, or contradicted. Lugo v. State, 667 S.W.2d 621 (Tex.Crim.App.1984); Thompson v. State, 521 S.W.2d 621 (Tex.Crim.App.1974); Williams v. State, 680 S.W.2d 570 (Tex.App.—Corpus Christi 1984, pet. ref’d).
Appellant first complains that the trial court should have submitted an instruction to the jury on mistake of fact. TEX.PENAL CODE ANN. § 8.02 (Vernon 1974). Appellant relies on Beggs v. State, 597 S.W.2d 375 (Tex.Crim.App.1980). In that case the defendant was apparently convicted of intentionally and knowingly engaging in conduct that caused serious bodily injury to a child when the child was scalded with bath water. The defendant had testified that she mistakingly believed that the water was a normal temperature, but the trial court refused the defendant’s requested instruction on mistake of fact. The Court of Criminal Appeals held that the trial court erred. In this case, appellant argues that his mistaken belief as to the intensity of his swat entitled him to a charge on mistake of fact just as Beggs was entitled to a mistake of fact instruction on her mistaken belief about the temperature of the bath water. We disagree. In Beggs, the defendant’s conduct (putting the child in the water) was predicated upon her claimed belief that the water temperature was normal. Unlike Beggs, appellant did not commit an act (hitting the child) relying upon any mistake of fact, or any fact for that matter, in committing the offense. Appellant merely testified that he misper-ceived the consequences of his conduct. The trial court properly denied a charge on mistake of fact.
Appellant also contends that the trial court should have instructed the jury on the law of accident. We find Williams v. State, 630 S.W.2d 640 (Tex.Crim.App.1982) controlling. There, in response to a similar argument, the Court found no error because “there was no evidence that the appellant did not voluntarily engage in the conduct which injured the complainant; he merely said he did not intend the resulting injuries.” Williams v. State, 630 S.W.2d at 644. See also George v. State, 681 S.W.2d 43 (Tex.Crim.App.1984). Appellant’s testimony that he intended to swat the child but did not intend the resulting injuries is insufficient to raise an issue on accident. The fifth and sixth grounds of error are overruled.
In his seventh and eighth grounds of error appellant complains of the trial court’s refusal to quash the indictment. Appellant filed a motion to quash the indictment prior to trial. The motion to quash could have been overruled without a hearing as it lacked sufficient specificity. Jones v. State, 672 S.W.2d 798 (Tex.Crim.App.1984). The trial court, however, held a hearing on the motion and the appellant complained at that time that the indictment failed to allege the type of bodily injury caused to the victim and failed to allege whether the injuries to the victim were caused by appellant striking or throwing *363 the victim. The indictment alleges, in pertinent part, that appellant:
“... did then and there intentionally and knowingly engage in conduct that caused serious bodily injury to Christopher Shepherd a child younger than 14 years of age, namely: the act of propelling Christopher Shepherd into a table by striking him with his hand and by throwing Christopher Shepherd into a table
Appellant notes that serious bodily injury means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ. TEX.PENAL CODE ANN. § 1.07(a)(34) (Vernon 1974). Appellant contends that the indictment should have specifically alleged which of the variant methods of serious bodily injury the State intended to prove. This contention is without merit. “Serious bodily injury” is defined by statute and further allegations of the nature of the injury are merely evidentiary and are not required. Brown v. State, 605 S.W.2d 572 (Tex.Crim.App.1980). The indictment, which alleges both striking and throwing conjunctively, sufficiently alleges the means by which the victim was injured. See Anderson v. State, 479 S.W.2d 57 (Tex.Crim.App.1972). Appellant’s seventh and eighth grounds of error are overruled.
In his ninth ground of error appellant contends the trial court erred in failing to grant appellant’s motion for change of venue. The record shows that appellant filed a motion for change of venue, supported by his affidavit and the affidavit of two other persons. The State then filed a controverting affidavit in which the affiant attacked the credibility of the persons making the affidavit for change of venue and their means of knowledge. See TEX. CODE CRIM.PROC.ANN. art. 31.01 et seq. (Vernon 1966).
No hearing was held on the motion, for at the pretrial hearing appellant waived the opportunity to present evidence on his motion. Appellant now argues that the State’s controverting affidavit was insufficient and that the change of venue should have been granted as a matter of law. We disagree. The controverting affidavit filed by the State attacked both the credibility and the means of knowledge of the persons filing appellant’s supporting affidavits. This distinguishes the present case from Turner v. State, 641 S.W.2d 383 (Tex.App.—El Paso 1982, pet ref’d), in which the State’s affidavit merely disagreed with the conclusions drawn by the defendant’s supporting affidavits, and made no reference to credibility or means of knowledge — the two factors which TEX. CODE CRIM. PROC.ANN. art. 31.04 permits the State to controvert. Appellant argues that the State’s affidavits were insufficient because they did not conclude that appellant could receive a fair and impartial trial in Nueces County. Having challenged appellant’s affidavits on the basis of credibility and knowledge, we hold the State’s affidavits were sufficient to controvert the appellant’s affidavit. This is not a case where the State failed to file a controverting affidavit thereby entitling the defendant a change of venue as a matter of law. See Fields v. State, 627 S.W.2d 714 (Tex.Crim.App.1982), McManus v. State, 591 S.W.2d 505 (Tex.Crim.App.1979). Appellant’s ninth ground of error is overruled.
The judgment of the trial court is AFFIRMED.

. Generally, when evidence is admitted without objection any prior objection to such evidence is waived. A corollary to this general rule permits an appellant to rebut, destroy, or explain the improperly admitted evidence without waiving his previous objection. Appellant's testimony appears to more fully explain the evidence previously admitted over objection. See Maynard v. State, 685 S.W.2d 60 (Tex.Crim.App.1985).