TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00609-CR






Ruben Guerrero, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0985593, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Ruben Guerrero appeals from his conviction for driving while intoxicated (felony). 
See Tex. Penal Code Ann. § 49.04 (West 1994). After a jury found appellant Guerrero guilty,
the trial court assessed punishment at four years' confinement in the Texas Department of
Criminal Justice--Institutional Division. We will affirm the trial court judgment.


Factual and Procedural Background



 At approximately 1:30 a.m. on October 31, 1998, Guerrero was driving a vehicle
involved in an accident at the intersection of Cesar Chavez Street and Robert L. Martinez Street
in Austin, Travis County, Texas. Guerrero's car collided with one driven by Gilbert Moore. The
evidence showed that although the light was flashing red in Guerrero's direction of travel, he
never stopped before entering the intersection where Moore hit him. The evidence also showed
that after the accident Moore observed two passengers jump out of Guerrero's car and run off,
each carrying a brown paper sack. They returned empty-handed a few minutes later. Moore also
watched Guerrero and these two men take beer cans out of Guerrero's car, pour the contents 
down a storm sewer, then toss the cans down the drain. After they were done, the passengers
walked off. Guerrero suggested they exchange insurance information and not wait for the police. 
Moore testified that because he could detect a strong smell of alcohol on Guerrero's breath and
because Guerrero had run the red light, he insisted they wait. He described Guerrero's balance
as unsteady; he had to lean against his car. Guerrero was lethargic and had bloodshot eyes. At
one point, Guerrero walked to a nearby house to use the phone and Moore noticed that he was
unsteady on his feet. Moore testified that when two police officers arrived and told Guerrero they
suspected he had been driving while intoxicated, he began hurling epithets and threats. He said
"I can take you down there. I ain't taking no f[] test. I ain't taking -- I have been through this
before, you f[] a[]." (1)

 The police arrived some thirty minutes after the accident. Officer Kenneth Koch
and Officer Shaun Mierl testified that they noticed a strong smell of alcohol on Guerrero's breath. 
Koch testified that the longer the officers talked to Guerrero, the more hostile he grew. He also
testified that he searched Guerrero's car and found an open can of beer on the driver's side
floorboard. The can still contained some beer. Both officers observed that Guerrero's speech was
slurred, he misstepped when he walked, and he swayed when standing. His eyes were bloodshot,
glassy, and watery.

 Officer Mierl testified that when they handcuffed Guerrero, he became verbally
aggressive and began threatening the officers. Guerrero said he "had a good lawyer" and could
"get out of" the charge. He also said he was "ready" for the video room. Guerrero refused to
perform a breath test and refused to perform field sobriety tests. Mierl testified that Guerrero was
verbally aggressive in the video room. Koch testified that Guerrero's demeanor changed when
he entered the video room and he seemed not to be intoxicated on the videotape made there. In
both Koch's and Mierl's opinion, however, he was intoxicated. (2)

 The State offered exhibits showing two prior convictions for driving while
intoxicated. Guerrero stipulated that he was the person previously convicted.

 Guerrero called two defense witnesses to establish that he was not intoxicated. Lee
Castillo, Sr., who lives at the corner of the intersection where the wreck occurred, said that
someone who might have been Guerrero came to his house to use the phone and did not appear
intoxicated. Janice Gientke, Guerrero's girlfriend, testified that, on the night in question, he had
not consumed alcohol between 6:30 p.m. and 11:00 p.m. when he left home to go play pool.

 Guerrero does not challenge the legal or factual sufficiency of the evidence. In two
points of error, he complains that the trial court erred in denying his motion for mistrial after the
arresting officer injected inadmissible and prejudicial comments about Guerrero and complains
that reversible error was committed when Officer Koch deliberately injected inadmissible opinion
evidence about what Guerrero's blood alcohol level might have measured if he had taken an
intoxilyzer test.

Discussion



 In his first point of error, Guerrero complains about a comment from Officer Koch
concerning Guerrero's demeanor in the video room. Officer Koch testified that Guerrero refused
to perform field sobriety tests after he was taken to the video room. When asked if Guerrero had
the same demeanor while in the video room as he had at the scene, Officer Koch said: "No, it
was different. It looked like he had been in there a few times before." Defense counsel objected. 
The court sustained the objection, instructed the jury to disregard, and overruled the motion for
mistrial.

 Guerrero complains that Koch's comment contravened the principle that an accused
is entitled to be tried on the accusation made in the complaint and not for being a criminal in
general. See Turner v. State, 754 S.W.2d 668, 671-72 (Tex. Crim. App. 1988); Young v. State,
261 S.W.2d 836, 837 (Tex. Crim. App. 1953); Johnson v. State, 932 S.W.2d 296, 301 (Tex.
App.--Austin 1996, pet. ref'd). Guerrero contends that the comment was so inflammatory as to
suggest the impossibility of withdrawing the impression produced on the minds of jurors and thus
was incurable by an instruction to disregard. See Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984); Evans v. State, 542 S.W.2d 139, 141 (Tex. Crim. App. 1976). Guerrero argues that
the error is particularly egregious because an experienced witness, a police officer, committed it. 
We disagree that the error was incurable by instruction.

 By the time Officer Koch testified, the jury had been read the indictment and knew
that appellant had previous convictions for driving while intoxicated. More importantly, however,
the jury had heard Guerrero's own words at the scene, as testified to by Moore. Guerrero's
words made it clear that he had "been there before." His statement to the officers that he "would
take them down" could reasonably be interpreted as a threat that he could perform well enough
in the video room to defeat the officers' case. After the instruction, the officer did not again
allude to Guerrero's behavior in the video room.

 However, defense counsel, in his closing argument, emphasized that Guerrero had
previous problems with driving while intoxicated. In attempting to justify Guerrero's belligerence
at the scene, defense counsel said that Guerrero became belligerent at the point that he recognized
that the officers were thinking of taking him in for driving while intoxicated, and "a person who
has been through that process before knows what type of trouble it is, and so it is not
unreasonable for a person in that position to become angry they are going to be accused of
something again." He then went on to argue that Guerrero wanted to go to the video room to
show he was not intoxicated. Later in the argument he said, after claiming that Guerrero's
looking through his wallet was evidence that he was not highly intoxicated, "I mean when a man
is arrested for a third time on DWI and says I want to go to the video room and then he is forced
to do these things and he is looking, you know, he is on video and he is doing these things and
he is doing them fine, what does that indicate?" We conclude that the remark in question was not
so prejudicial as to be incurable by use of an instruction to disregard and overrule appellant's first
point of error.

 In his second point of error, Guerrero complains that Officer Koch made an
improper remark when he compared Guerrero to other persons he had arrested for driving while
intoxicated by saying that he had arrested people who displayed fewer signs of intoxication and
were less belligerent, and they "blew a .15." Guerrero failed to preserve error on this point by
failing to obtain an adverse ruling. See Ramirez v. State, 815 S.W.2d 636, 643 (Tex. Crim. App.
1991) (must receive adverse ruling on objection to preserve error for review). The proper method
of pursuing an objection until an adverse ruling is to (1) object and, if the objection is sustained,
(2) request an instruction to disregard, and (3) if an instruction is given, move for a mistrial. See
Harris v. State, 784 S.W.2d 5, 12 n.4 (Tex. Crim. App. 1989); Brooks v. State, 642 S.W.2d 791,
798 (Tex. Crim. App. 1982). Guerrero objected; the trial court sustained his objection and
instructed the jury to disregard the officer's remark. Guerrero did not move for a mistrial and
thus has preserved nothing for our review. Were we to reach the merits, we would conclude that
any error was harmless in view of the extensive testimony concerning Guerrero's behavior that
occurred before Officer Koch testified. Accordingly, we overrule point of error two.


Conclusion



 We have reviewed and overruled both of Guerrero's points of error. Accordingly,
we affirm the trial court judgment of conviction.



 
 

 Mack Kidd, Justice

Before Chief Justice Aboussie, Justices Kidd and B. A. Smith

Affirmed

Filed: August 31, 2000

Do Not Publish
1. From the context of the statement, it appears that Guerrero did not mean he could "take the
officers down there" in the sense of transporting them to the police station, but rather he could
"take them down" in the sense of defeat their claim that he was intoxicated by his performance
in the video room.
2. The videotape is not part of the record on appeal.



Crim. App. 1953); Johnson v. State, 932 S.W.2d 296, 301 (Tex.
App.--Austin 1996, pet. ref'd). Guerrero contends that the comment was so inflammatory as to
suggest the impossibility of withdrawing the impression produced on the minds of jurors and thus
was incurable by an instruction to disregard. See Coe v. State, 683 S.W.2d 431, 436 (Tex. Crim.
App. 1984); Evans v. State, 542 S.W.2d 139, 141 (Tex. Crim. App. 1976). Guerrero argues that
the error is particularly egregious because an experienced witness, a police officer, committed it. 
We disagree that the error was incurable by instruction.

 By the time Officer Koch testified, the jury had been read the indictment and knew
that appellant had previous convictions for driving while intoxicated. More importantly, however,
the jury had heard Guerrero's own words at the scene, as testified to by Moore. Guerrero's
words made it clear that he had "been there before." His statement to the officers that he "would
take them down" could reasonably be interpreted as a threat that he could perform well enough
in the video room to defeat the officers' case. After the instruction, the officer did not again
allude to Guerrero's behavior in the video room.

 However, defense counsel, in his closing argument, emphasized that Guerrero had
previous problems with driving while intoxicated. In attempting to justify Guerrero's belligerence
at the scene, defense counsel said that Guerrero became belligerent at the point that he recognized
that the officers were thinking of taking him in for driving while intoxicated, and "a person who
has been through that process before knows what type of trouble it is, and so it is not
unreasonable for a person in that position to become angry they are going to be accused of
something again." He then went on to argue that Guerrero wanted to go to the video room to
show he was not intoxicated. Later in the argument he said, after claiming that Guerrero's
looking through his wallet was evidence that he was not highly intoxicated, "I mean when a man
is arrested for a third time on DWI and says I want to go to the video room and then he is forced
to do these things and he is looking, you know, he is on video and he is doing these things and
he is doing them fine, what does that indicate?" We conclude that the remark in question was not
so prejudicial as to be incurable by use of an instruction to disregard and overrule appellant's first
point of error.

 In his second point of error, Guerrero complains that Officer Koch made an
improper remark when he compared Guerrero to other persons he had arrested for driving while
intoxicated by saying that he had arrested people who displayed fewer signs of intoxication and
were less belligerent, and they "blew a .15." Guerrero failed to preserve error on this point by
failing to obtain an adverse ruling. See Ramirez v.