11th
Court of Appeals

                                                                  Eastland,
Texas

                                                                        Opinion

 

Tina Lois Littlepage a/k/a Tina Lois Price

Appellant

Vs.                   No.
11-02-00312-CR  -- Appeal from Palo
Pinto County

State of Texas

Appellee

 

The jury
convicted Tina Lois Littlepage a/k/a Tina Lois Price of possession of
methamphetamine with intent to deliver in a Adrug free zone@ and
then assessed her punishment at confinement for 40 years.  We affirm.

                                                                Background
Facts

The
indictment charged that, on or about January 15, 2002, appellant did Aintentionally or knowingly possess, with
intent to deliver,@ more
than 4 grams of methamphetamine within 1,000 feet of the Mineral Wells Junior
High School.  There is no challenge to
the sufficiency of the evidence.  








Deputy
Sheriff Terry McDaniel of the Palo Pinto County Sheriff=s Department testified that he was assigned
to the Cross Timbers Narcotics Task Force; that he was the assistant commander
of the task force; and that he was involved in an investigation on January 15,
2002, which led to the arrest of appellant and two men who were at the house
where she lived.  There was testimony by
members of the task force about the methamphetamine which was found in the
house at the time of the arrest.  Deputy
McDaniel testified on cross-examination that he did not know who put the
methamphetamine under appellant=s bed or in the black bag. 
During reexamination by the assistant district attorney, Deputy McDaniel
testified that there was no question in his mind that it was appellant=s methamphetamine.  After further cross-examination by appellant=s attorney, Deputy McDaniel testified in
relevant part (on further redirect and additional cross-examination) as shown
below:

[PROSECUTOR]  Q: Did [appellant] direct you to any of this
stuff?

 

A: I was
advised that there was a black bag in the bedroom that contained drugs.

Q: By her?

 

A: Yes.

 

[PROSECUTOR]:
Pass the witness.

 

[DEFENSE
COUNSEL] Q: Oh, is it your testimony that my client told you that there=s a black bag in the bedroom that contains
controlled substance?  That=s your testimony to this jury?

 

A: Yes.

 

Q: Now,
you wrote a report in this case, didn=t you?

 

A: Yes.

 

Q: You
testified about this case in another trial, too, didn=t you?

 

A: Yes.

 

Q: And
you didn=t say anything in your report about my client
telling you that there was a black bag in the bedroom containing controlled
substance, did you?

 

A: No.

 

Q: Did you
tell the prosecutor that she told you that?

 

A: I don=t recall if I did.  (Emphasis added)

 

After
developing this testimony, appellant=s attorney requested a recess. 
The court did not permit a recess at that time.  Appellant=s attorney passed the witness, and the State put on testimony from two
more witnesses (the evidence custodian and the expert witness who tested and
weighed the controlled substance exhibits) before there was a break in the
proceedings.  After the expert witness
was excused, the court took its afternoon recess.  

 








The
reporter=s record shows the following proceedings
which were heard in open court but outside the presence of the jury:

THE COURT:
Let the record reflect that the jury remains outside of the courtroom at this
time; however, the defendant and her attorney are present and the State=s counsel are also present.  All right. 
Mr. Burns.

 

[DEFENSE
COUNSEL]: Thank you, Your Honor.  Your
Honor, there has been testimony in the case by Mr. McDaniel that the
defendant...told law enforcement officers that there was a bag under her bed
that contained a controlled substance.  

 

Back on
June the 7th of 2202, the defense filed its motion for discovery.  A pretrial hearing was held sometime subsequent
to that and prior to the trial of this case in which the Court...granted parts
of it that said that...the substance of all oral confessions, admissions,
and statements made by the Defendant to the State in connection with this case
[would be furnished].  That is, in fact,
an admission that the defendant knew that she was in possession of controlled
substances by directing officers to the controlled substances which were in her
bedroom.

 

That
information - - the Court ruled on that and ordered the State to provide
that information.  That information was
not provided to the defense and the defense first heard it when Mr. McDaniel
testified to that fact in court. 
(Emphasis added)

 

At this
point, appellant=s attorney moved for a mistrial.  The trial court announced that it would take
the motion Aunder advisement.@ After the evidence was completed, the court
announced its ruling outside the presence of the jury.  The court overruled appellant=s motion for mistrial, found that Aany verbal statement of the defendant which
was not disclosed to the defense is not admissible,@ and agreed to strike that testimony and
instruct the jury to disregard the questions and answers which were
stricken.  The jury was brought back
into open court and given these instructions before the evening recess:

THE COURT:
All right.  Ladies and gentlemen, I=m sorry the break ended up being longer than
we thought, but I warned you that happens from time to time.

 

At this
time I want to provide you with an instruction that is consistent with one of
the things that we talked about this morning when I was generally discussing
with you how things unfold from time to time during a trial.

 








You heard some
testimony just earlier this afternoon from Officer McDaniel....Question by Mr.
Bankhead, ADid
she,@ meaning the defendant Adirect you to any of the stuff?  Answer by Officer McDaniel, AI was advised that there was a black bag in
the bedroom that contained drugs.@ 
Question by Mr. Bankhead, ABy her?@ 
Answer, by the witness, AYes.@

 

I have ruled that this
portion of Officer McDaniel=s testimony is inadmissible, and it is ordered stricken from the
record.  You are, therefore, instructed
that you will not consider that portion of Officer McDaniel=s testimony or any other reference to that
portion of his testimony for any purpose whatsoever.

 

You indicated to me in your oath this morning that
if I gave you a limiting instruction or an instruction like this, that you
could abide by that.  And, therefore,
you are instructed to disregard that portion of the testimony and not consider
it for any purpose.  (Emphasis added)

 

                                                      Issue
Presented

Appellant
briefed a single issue on appeal.  She
argues that the trial court erred when it denied her motion for mistrial Abecause the curative instruction was
insufficient@ to cure the error of the surprise testimony.

                                             Denial
of Motion for Mistrial

In a
recent case where the trial court overruled a motion for mistrial (but
sustained an  objection to testimony and
instructed the jury to disregard that testimony), the Court of Criminal Appeals
said in Hinojosa v. State, 4 S.W.3d 240, 253 (Tex.Cr.App.1999):

Generally, a mistrial is
only required when the improper evidence is Aclearly calculated to inflame the minds of the jury and is of such a
character as to suggest the impossibility of withdrawing the impression
produced on the minds of the jury.@  In all other situations,
the jury is presumed to follow the trial court=s [instruction] to disregard improperly
admitted evidence.  Whether the erroneous admission of evidence
requires a mistrial is determined by looking at the facts and circumstances of
the case.  (Emphasis added; Citations
omitted)

 

See also Bauder v. State, 921 S.W.2d 696, 698
(Tex.Cr.App.1996); Waldo v. State, 746 S.W.2d 750, 752 (Tex.Cr.App.1988);
Thompson v. State, 612 S.W.2d 925, 928 (Tex.Cr.App.1981); Campos v. State, 589
S.W.2d 424, 428 (Tex.Cr.App.1979); and Evans v. State, 542 S.W.2d 139, 141
(Tex.Cr.App.1976).








We hold
that the trial court did not abuse its discretion in denying appellant=s motion for mistrial.  We are confident that the court would have
granted the motion if it had been shown that the failure to disclose was
deliberate rather than inadvertent. 
That testimony had not been used in the earlier trial of one of the
other persons who had been in the house at the time of appellant=s arrest. 
The sole issue is overruled.

                                                                This
Court=s Ruling

The
judgment of the trial court is affirmed.

 

BOB
DICKENSON

SENIOR
JUSTICE

 

May 1, 2003

Do not publish.  See TEX.R.APP.P. 47.2(b).

Panel consists of:  Wright, J., and 

McCall, J., and Dickenson, S.J.[1]












[1]Bob Dickenson, Retired Justice, Court of Appeals, 11th
District of Texas at Eastland sitting by assignment.