LATTIMORE, Judge.
 

 Appellant was convicted in the district court of Nolan County of manslaughter, and his punishment fixed at two years in the penitentiary.
 

 The killing occurred in the town of Roscoe, deceased and one Jenkins being engaged in the peddling of a beef on the streets of said town, and in an altercation arising between appellant and deceased, the latter struck appellant in the face with his fist, immediately following which appellant cut deceased with a knife causing his death. A lengthy recital of the facts would shed no light upon any controverted issue before court, hence same will be omitted, further than to say that in our judgment the facts supported the verdict of the jury.
 

 
 *518
 
 There are twenty bills of exception each of which has been examined and none of which are believed to present error. ¥e pretermit discussion of those not briefed.
 

 It is urged, first, that the court below should have given special charge No. 9 which is as follows:
 

 "Gentlemen of the Jury: You are further charged in connection with the court’s main charge herein that although you may believe from the evidence in this case that the deceased was unarmed at the time of the difficulty between him, the deceased, and the defendant herein, if you believe from the evidence that it reasonably appeared to the defendant that the deceased was armed with a butcher knife or any other weapon capable of inflicting serious bodily harm upon the defendant; then you will view the matter from the standpoint of the defendant and if you believe that the defendant believed that the deceased was armed with a butcher knife and that the deceased was about to attack the defendant with such knife, or that the defendant had reasonable grounds to believe that the deceased was about to attack him the defendant with a butcher knife or other weapon capable of inflicting serious bodily injury upon the defendant ; and that the defendant at the time he cut and killed the deceased was acting in defense of his own person from such real or apparent attack of the deceased, then jmu will acquit the defendant and so say by your verdict.”
 

 Examining the main charge 'as given by the court we find the following:
 

 "You are therefore charged, that if from the evidence you believe, beyond a reasonable doubt, that the defendant, J. C. Gray, killed C. R. Tomlin by striking, stabbing or cutting him with a knife, but you further believe that at the time of so doing the deceased, C. R. Tomlin, had made an attack upon him, or was making, or was about to make an attack upon him, as it appeared to the defendant, which from the manner and character of it, or .from any or all of the existing circumstances, caused the defendant, when viewing the situation, at the time, from his standpoint, to,have- a reasonable expectation or fear of death or serious bodily injury, and that, acting under such reasonable expectation or fear, if any such there were, the defendant killed the deceased, or if you have a reasonable doubt as to whether or not such were the facts, then you will give the defendant the benefit of such reasonable doubt, and acquit him.”
 

 Appellant’s contention in this regard is that the main charge was too general and that the special charge refused was so "full and befitting the facts as raised by the defensive testimony, as to make its refusal error. We regret our inability to agree to the soundness of ’this proposition. No witness swore that the deceased had a butcher knife at the time. It affirmatively appears from all the testimony that he had no such knife. Nor did appellant assert that he saw or
 
 *519
 
 believed that deceased had such knife. This being the state of the record, the court’s charge as given was adequate and full and the refusal of the special charge not error. Nothing in any of the cases cited holds a different view.
 

 It is urged that said special charge should have been given because the main charge only authorized acquittal in the event the attack, if any by deceased, was such as to create a reasonable apprehension or fear of death or serious bodily injury. Granting that one attacked has the right to oppose force by whatever force may be necessary to defend, we see nothing in the special charge quoted making same more applicable to this contention than is the main charge. We find in the record no exception to the charge of the court as given, upon the ground that this appellant was deprived of a presentation of his right to defend against an attack less than deadly in character. No exception being taken, no complaint made in the brief can bring such matter before us for review; which holding is in consonance with the authorities cited by appellant.
 

 In his motion for new trial appellant raised the question of newly discovered evidence, and when the motion was presented testimony pro and con was heard by the court. It may be seriously doubted if diligence was shown in reference to the so-called new testimony, but we dispose of the matter on other grounds. The alleged new testimony consisted of a written statemen made by deceased after the cutting which caused his death. Nothing in the document or the testimony heard and preserved in the bill of exceptions, taken to the refusal of the new trial, shows such statement to be admissible as a dying declaration or as a res gestae statement of deceased. The rule is too well settled to call for citation of authorities that a bill of exceptions must, in and of itself, make plain that which is asserted to be an error. Not being shown in the bill to be either a res gestas statement or a dying declaration, even if the document had been purposely withheld by the State’s authorities from the knowledge of appellant or his attorney, — we would not hold such action to call for a reversal of this case. However, we might add that nothing in said written statement is in aid of any theory or testimony of the defense. Its announcement of what was said by the parties just prior to the cutting, is in substantial accord with the testimony of the principal State witness Jenkins, and in conflict with the testimony given by appellant. Prom no viewpoint can we agree with appellant in regard to this matter.
 

 We find nothing in the cases of Crow v. State, 89 Texas Crim. Rep. 149, and Pace v. State, 135 S. W. Rep. 380, which would justify us in announcing as applicable to criminal cases, the doctrine that any statement made b3 an injured party not res gesta?, nor impeaching, nor a dying declaration, could still he held material and admissible as a statement against interest if favorable to the defense. In a
 
 *520
 
 .criminal case the controversy is between the State and the accused. They are the parties to the suit and we know of no authority for holding the doctrine just mentioned to have application in criminal eases.
 

 Complaint is made in the brief of the argument of the attorney who closed the case for the State. He compared the actions of appellant toward deceased on the occasion of the killing to a rattle snake coiled in the grass that would bite a child going to a spring to get water. No exception was taken at •'the time to the argument save a general exception taken to the whole address to the jury of the counsel mentioned. "We find no special charge in the record asking the jury to disregard the remarks. This is said in passing to a statement of our conclusion that the argument complained of would not suffice to reverse this case. The state’s contention under the facts in evidence was that appellant had a large knife open in his hand during his altercation with deceased, and that holding it in his hand behind him open and ready for use he dared deceased to strike him, and as soon as the latter did strike him with his fist appellant inflicted upon deceased wounds which were necessarily mortal with said knife. We are not impressed with the vicious character of the argument attributed to it by appellant. The statement complained of evidences no use of language ordinarily termed abusive, nor does it contain any fact material to the issue and aside from the record. It was but a statement of a fancied conclusion as to the similarity between the acts of appellant and those of the snake mentioned. The State contends in argument that the simile was apt and justifiable.
 

 On examination of the record we do not believe any of the contentions made by appellant can be upheld by us.
 

 The judgment will be affirmed. .
 

 Affirmed.