## LES CARTER V. THE STATE.

No. 18114.   Delivered April 8, 1936.
Rehearing Denied June 17, 1936.

The opinion states the case.

*John Davenport* and *William W. Ballard,* both of Wichita Falls, for appellant.

*Mike Anglin,* County Attorney, and *Walter Friberg,* Assistant County Attorney, both of Wichita Falls, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder without malice; the punishment, confinement in the penitentiary for five years.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed H. E. Price in some way or manner and by some means, instruments and weapons to the grand jurors unknown.

Appellant's motion to quash the indictment was properly overruled. In Porter v. State, 215 S. W., 201, the indictment averred, after the usual allegations, that the appellant, with malice aforethought, did kill and murder Emma Staley "in some way or manner, and by some means, instruments and weapons to the grand jurors unknown." In concluding that the indictment was sufficient, this court said: "Appellant's motion to quash because the language just quoted did not allege the means whereby the alleged murder was committed was correctly overruled."

The record discloses that the grand jury made every effort to determine what means, instruments, or weapons were used in committing the homicide. This testimony sufficiently supported the allegation in the indictment to the effect that the means, etc., were unknown to the grand jury.

It appears from bill of exception No. 2 that appellant and the district attorney had agreed that the jury be selected from the regular panel for the week but that each side should be allowed fifteen peremptory challenges. After the panel had been exhausted the court ordered the sheriff to summon twenty-five talesmen. Appellant objected on the ground that the sheriff's department would not select fair and impartial men. After appellant had exhausted his peremptory challenges he was required to take a juror whom he deemed objectionable because of the fact that he had been summoned by the sheriff's

department and further because he had served as door bailiff for the grand jury that had returned the indictment against appellant. The bill of exception was qualified by the trial court as follows: "This bill qualified in that juror Allen was questioned by counsel and the court and testified that he had no knowledge of the facts in the case, had formed no opinion, and had no prejudice or bias in the case, therefore, was sworn in as a juror, after the juror was sworn in and had been placed in the jury room with other jurors, counsel for defendant challenged the juror for the above stated cause, which challenge was overruled by the court." In view of the qualification, this court would not be warranted in concluding that the juror was unfair.

It is shown in bill of exception No. 4 that appellant sought to prove by one of his witnesses that prior to the death of deceased he saw him in the hospital and had a conversation with him. The State's objection to proof of the conversation was sustained. The bill shows that the witness would have testified that deceased could not talk coherently, but that he did state that he had had a hemorrhage and that no one had hit him. Again, the witness would have testified, according to the certificate in the bill, that deceased was in a semi-conscious condition and did not know what he was saying or doing, and that the physician stated to the witness at the time that deceased did not know what he was talking about. No predicate was laid for introducing the statement as a dying declaration, and it appears not to have been res gestae. Moreover, the State had not introduced any of the declarations of deceased. In Gray v. State, 270 S. W., 173, this court said: "We find nothing in the cases of Crow v. State, 89 Texas Crim. Rep., 149, 230 S. W., 148, and Pace v. State, 61 Texas Crim. Rep., 436, 135 S. W., 380, which would justify us in announcing, as applicable to criminal cases, the doctrine that any statement made by an injured party not res gestae, nor impeaching, nor a dying declaration, could still be held material and admissible as a statement against interest if favorable to the defense. In a criminal case the controversy is between the State and the accused. They are the parties to the suit and we know of no authority for holding the doctrine just mentioned to have application in criminal cases."

Appellant contends that the evidence is insufficient. We are unable to agree with him. The testimony shows that no one was present on the occasion of the homicide save appellant and deceased. Ishmael Price, State's witness and son of deceased,

appellant and the deceased had been engaged in a drinking party at the residence of deceased. Ishmael Price left the premises to go after some food to prepare for supper. On his return he found deceased in a semi-conscious condition. The witness asked appellant what he had done, and appellant replied: "If you don't shut up I will kill you." Deceased was taken to the hospital and appellant left the scene of the homicide. There was some loose stove wood on the floor. When the officers found appellant the following day there was blood on his trousers. The physician who examined deceased testified, in part, as follows:

"I regarded his condition as critical at that time. The wound that was the most obvious was the lacerated wound just at the right portion of the nose, and the other injuries consisted of bruises and contusions of the left side of the face and head. There were a number of them on the left side of the face and head. From my examination of those wounds and of Mr. Price, I could not say definitely what type or character of instrument or weapon had been used to produce those wounds.

"As to whether or not the wounds appeared to have been caused by a man's fist, it would be possible to have that type of injury by the fist, but it was my impression at that time that it had been by something other than the fist, from the nature and extent of the wounds and the general condition. I could not tell what probably caused it from examination of the wounds—I could not tell the type of instrument or weapon; but from the wounds it was my impression that he had received a severe blow about the head, causing a severe injury. The nature of the instrument used I would be unable to say. I would judge there was more than one blow, from the number of injuries he had."

Testifying in his own behalf, appellant denied that he killed deceased. He said: "I never struck or hit Mr. Price (deceased) any time. I had nothing against the old man." He testified that he (appellant) had been drinking liquor and had become sleepy; that deceased's son aroused him and asked him what he must do; that he then observed that deceased was lying on the bed; that he told deceased's son that he ought to call a doctor. In short, appellant's testimony was to the effect that he did not know what had happened on the occasion deceased received the fatal injury.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

MORROW, P. J., absent.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant now for the first time urges that his conviction is void for want of jurisdiction on the part of the judge who tried him. We do not think so. The indictment herein was returned by the grand jury of the 89th District Court of Wichita County, and duly filed in the office of the district clerk of said county, on May 2, 1935. On January 3, 1935, the presiding judge of the 8th administrative district had made an order, which was duly entered, authorizing the several judges of the 30th, 78th and 89th District Courts to sit for each other and transact any and all business appearing on the dockets of said courts at any time; meaning of course such business as one judge of a district court might transact for another such judge under the Constitution and laws of this State. It further appears that Judge Irvin J. Vogel, judge of the 78th District Court, tried this cause, sitting in the 89th District Court of said county. We see no error in this. Appellant was tried by a duly authorized and elected district judge of this State upon an indictment regularly returned into a district court of the same county. We might observe that at no time during the progress of this proceeding, until the judgment of conviction was affirmed by this court, was any attack made upon the jurisdiction of the trial court, or the right of Judge Vogel to hear and determine the case. In such condition, even if there was any doubt of the legality of the acts of the trial court, and we think there is none, we would indulge any and all presumptions in favor of the regularity of this action. We have examined the authorities cited by appellant and do not think them applicable.

In our judgment the court's action in submitting the case to the jury on the law of malice aforethought was correct. It would have been improper for the judge himself to have passed upon the facts, which showed that deceased was killed by repeated blows upon the head by some means or instruments to the grand jury unknown, which caused his death, and to have himself undertaken to say that the killing was without malice.

We see no possibility of injury to appellant by the misuse of a word in a charge on negligent homicide, which mistake

could have in no way caused or contributed to the refusal of the jury to find appellant guilty of such degree of homicide. As a matter of fact, appellant seems to have given no testimony suggesting that he carelessly or negligently killed deceased, but on the contrary he denied flatly that he made any assault on him.

We have examined the various contentions made by appellant in his motion for rehearing and are not able to agree with any of them, and said motion is overruled.

*Overruled.*