Joe A. GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 44621.

Court of Criminal Appeals of Texas.

March 15, 1972.

Rehearing Denied May 17, 1972.

Raymond A. Wietzel, San Antonio (on Appeal), for appellant.

Ted Butler, Dist. Atty., and Lucien B. Campbell, Asst. Dist. Atty., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

DALLY, Commissioner.

The conviction is for murder with malice; the punishment, forty-five years imprisonment.

The record reflects that the deceased, Albert D. Vera, and three friends were drinking beer at a table in the "La Perlita Lounge" in Von Ormy, Texas, on the night of September 20, 1969. The appellant, who did not know Vera, and another man were seated at the adjacent table with two women. Late in the evening Vera approached the appellant's table, apparently intending to dance with one of the women, Lupe Martinez. Vera spoke briefly with Miss Martinez whereupon she slapped him. When Vera slapped her back the appellant immediately rose to intercede in her behalf. The ensuing "skirmish" apparently failed to develop into a fist fight because Vera backed out of the door of the lounge and fled. As the appellant was running from the bar in pursuit, he was seen with his arm extended in front of him. At the same time three shots were fired. A neighbor who was startled by the report of the gun looked outside, heard another re-

port and saw a flash at the end of the man's outstretched arm. The appellant walked back to the lounge with a pistol in his hand. When one of the individuals who had been sitting at the table with Vera asked, "What's the matter with you? You crazy or what?" appellant said, "You want the same too?" Appellant then got in his automobile and left. Shortly after the sheriff arrived, Vera's body was discovered near the garage on the premises adjacent to the lounge. The appellant was arrested at Batesville, Texas, on September 22nd.

The appellant's first two grounds of error complain of the trial court's failure to charge the jury on the law of murder without malice.

The failure to instruct the jury on the question of murder without malice is not error unless there is some testimony which raises the issue and therefore calls for such a charge. Dickson v. State, 463 S. W.2d 20 (Tex.Crim.App.1971); 4 Branch's Ann.P.C.2d, Sec. 2302, p. 658.

The appellant does not designate any specific evidence in the record which would require a charge on murder without malice. He merely states in his brief "Appellant would show that a reading of the record would reveal that even according to the State's theory of the case, the State's uncontroverted, direct evidence raised the issue of murder without malice and that the court reversibly erred by not submitting the issue . . ."

The appellant testified that he did not have a pistol with him at the scene of the crime and denied shooting or killing the deceased. After the altercation on the dance floor, appellant said he and the deceased fell out of the door. Appellant said he then got in his car and went to another place where he ate a meal.

There being no evidence that appellant acted and killed the deceased under the immediate influence of sudden passion arising from an adequate cause, this con-

tention is without merit. See Ortegon v. State, 459 S.W.2d 646 (Tex.Crim.App. 1970) and Allen v. State, 169 Tex.Cr.R. 318, 333 S.W.2d 855 (1960).

Having determined that the issue of murder without malice was not raised we need not discuss appellant's contentions that he did not have sufficient time to draft a written objection to the court's charge on this ground, and the failure of the trial court to charge the jury on murder without malice.

The appellant's third ground of error complains that the court erred in applying the law of murder with malice to the facts of the case.

The court charged the jury:

"Malice aforethought includes all those states of mind under which the killing of a person takes place without any cause which will in law justify, excuse or *extenuate* the homicide."

In applying the law to the facts the word *extenuate* was omitted. Compare Marrufo v. State, 172 Tex.Cr.R. 398, 357 S.W.2d 761 (1962) and Carter v. State, 130 Tex.Cr.R. 569, 95 S.W.2d 447 (1936).

■ Appellant contends this was fundamental error and even in the absence of an objection to the charge on this ground it was reversible error. We do not agree. In the absence of a proper timely objection to the court's charge on this ground, no error is shown. Golden v. State, 475 S.W.2d 273 (Tex.Crim.App.1971).

■ The appellant's fourth ground of error is not briefed in compliance with Article 40.09, Section 9, Vernon's Ann.C.C.P. and will not be discussed.

The appellant's fifth ground of error complains of the failure to charge the jury on the law of circumstantial evidence.

■ The evidence in this case fails to raise the issue of circumstantial evidence

and the failure to instruct the jury on this issue was not error.

There was direct evidence that the appellant pursued the deceased from the lounge dance floor into the darkness outside. Appellant was seen with his arm extended, shots were heard and the flash of a shot was seen. The appellant was seen returning to the lounge with a pistol in his hand. He asked a bystander who questioned him if he, the bystander, wanted some of the same. The body of the deceased was soon found close to a nearby building. A pathologist pronounced the cause of death to be gunshot wounds.

■ If the facts required the submission of a jury charge on circumstantial evidence, the error was not properly preserved. There was not a timely, written objection made to the charge on this ground. See Articles 36.14 and 36.15, V. A.C.C.P. The appellant's complaint that his trial counsel was misled by the trial court's suggestion that objections be dictated into the record does not present error. See Baity v. State, 455 S.W.2d 305 (Tex. Crim.App.1970) and many cases cited therein, including Seefurth v. State, 422 S.W.2d 931 (Tex.Crim.App.1967).

■ Appellant's complaint that he was not permitted time to prepare objections to the charge is not sufficiently shown by the record on motion for new trial, by a bill of exception or in any other manner.

By ground of error number 6, appellant urges that "The court did not have jurisdiction to assess punishment."

■ The appellant appears to have elected before trial to have the jury assess his punishment. It then appears that the form used to evidence the election was changed by striking the word "jury" and inserting the word "judge." Appellant argues that the record does not reflect that the State consented to this change to permit the judge rather than the jury to assess appellant's punishment. The state acquiesced in, and failed to object to, the ap-

pellant's request to have the judge assess punishment. This was tantamount to the State's consent to have the judge assess the penalty, as provided in Article 37.07, Section 2(b) (3). The appellant cannot now for the first time on appeal challenge his conviction on this basis.

Ground of error number 7 complains that the trial court abused its discretion in assessing a penalty based upon "matters not authorized by law."

 On motion for new trial, appellant contended that the trial judge had indicated he assessed a more severe penalty than he otherwise might have because he felt the appellant had committed perjury in his testimony. The judge hearing the motion for new trial was not the judge who presided at the jury trial and assessed the penalty. The judge assessing the penalty was not called as a witness. The testimony on the issue at the motion for new trial . was conflicting. The record does not support appellant's contention. No error is shown.

The judgment is affirmed.

Opinion approved by the Court.