NO.
12-09-00164-CR

 

                         IN THE COURT OF
APPEALS         

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

STEVEN
DWAIN GORE,                                 '                 APPEAL FROM THE
SECOND 

APPELLANT

 

V.                                                                         '                 JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                        '                 CHEROKEE COUNTY,
TEXAS

                                                        
                                         

                                                      MEMORANDUM
OPINION

Steven
Gore appeals his felony conviction for driving while intoxicated (DWI).  In his
sole issue, he contends that it was reversible error for the trial court to
submit the issue of punishment to the jury after he requested to change his
earlier jury punishment election to punishment by the trial court.  We affirm.

 

Background

            On
August 21, 2008, Appellant, while operating a motor vehicle, was stopped by
Officer Darrell Hollis of the Jacksonville Police Department.  Officer Hollis
believed Appellant to be intoxicated and contacted Officer James Hogg for
assistance in performing field sobriety tests.  As a result of the information
obtained from Officer Hogg, Appellant was arrested for DWI.  He was indicted
for DWI, enhanced to a third degree felony for two prior DWI convictions. 
Prior to trial, he elected that his punishment be assessed by the jury.  At
trial, Appellant was convicted of the charged offense.  Upon hearing the
verdict, Appellant moved to change his earlier jury punishment election to
punishment by the trial court.  The trial court denied his motion, and the jury
sentenced him to eight years of imprisonment.  Appellant timely appealed to
this court.

Punishment
by Jury

In
his sole issue, Appellant argues that the trial court erred in allowing the
jury to assess punishment when he timely sought to revoke his earlier jury
punishment election. 

Standard
of Review and Applicable Law

In
noncapital cases, the trial court assesses punishment unless 1) the defendant
files a sworn motion for jury-recommended community supervision before trial
begins or 2) the defendant elects in writing before jury selection begins to have
the jury assess punishment.[1]
 Tex. Code Crim. Proc. Ann. art. 37.07,
§ 2(b) (Vernon Supp. ­­­­2009).  After a finding of guilty, the defendant may,
with the state’s consent, change his election of who assesses punishment.  Id. 
This right to have a jury assess punishment is purely statutory and does not
rise to the level of a constitutional right.  Barrow v. State,
207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

Analysis

Prior
to trial, Appellant timely filed an application for community supervision and
his jury punishment election.  Once the jury returned a guilty verdict,
Appellant, by oral motion in open court, sought to change his election so that
the trial court would assess punishment.  The following exchange occurred:

 

[Defense Counsel]: We would like to amend our election and
go to               [the] Court for punishment.

 

THE
COURT: Do I have to approve it?

 

[State’s Counsel]: It’s discretionary with the Court, Your
Honor.

 

THE
COURT: Not at this point.

 

[Defense Counsel]: Sir?

 

THE
COURT: Not at this point.

 

[Defense Counsel]: Okay.

 

Without
further discussion on the subject, the trial court immediately asked whether
the parties had any objections to the charge.  After none were lodged, the
trial court called the jury in to begin the punishment phase of the trial. 
During its closing argument, the State recommended less than five years of
imprisonment to the jury.  However, the jury assessed eight years of
imprisonment. 

Appellant
claims that the above quoted dialogue is tantamount to the State’s consent to his
request to change his jury punishment election.  Therefore, he argues, the
trial court was required to assess his sentence.  In reaching this conclusion,
Appellant relies on three cases decided by the court of criminal appeals.  However,
those three cases are distinguishable from the case at hand. 

In
the first case, the defendant filed an election for the jury to assess punishment. 
Evans v. State, 542 S.W.2d 139, 142 (Tex. Crim. App. 1976). 
After a guilty verdict, and with the express consent of the prosecutor, the
defendant moved for the trial court to assess punishment.  The court held a
hearing and assessed punishment.  The defendant then stated his intention to
appeal, and the trial court vacated the sentence and recalled the jury for
punishment.  The court of criminal appeals held that once an election is made
and the hearing is held on punishment pursuant to that timely election, the
trial court must abide by that decision.  Id.  There was
no dispute in Evans that the prosecutor expressly consented to
the election. 

In
the second case cited by Appellant, the defendant timely opted for punishment to
be assessed by the jury.  Garza v. State, 479 S.W.2d 294, 296
(Tex. Crim. App. 1972).  The trial court assessed punishment. 
The defendant argued that since the record was silent as to the State’s
consent, the trial court erred in assessing punishment.  The court of criminal
appeals concluded that the State’s acquiescence and failure to object to the
change was tantamount to consent.  Id. at 297.  In the
third case, the court of criminal appeals followed Garza under
similar facts and held that because no party objected, it was presumed that the
parties agreed to punishment by the trial court.  Hackey v. State,
500 S.W.2d 520, 521 (Tex. Crim. App. 1973).

Here,
Appellant had timely elected that the jury assess his punishment.  When he
sought to change his election, the State maintained that it was “discretionary
with the Court” as to whether the trial court had to approve the change.  The
trial court responded, “Not at this point,” and, without further explanation,
called in the jury for punishment.  As in Garza and Hackey,
the State did not voice any objection when Appellant changed his election to
ask that the trial court assess his punishment.  From its response to the trial
court’s question, however, it appears that the State was unaware that Appellant
could change his election only if the State consented.  Consequently, we cannot
conclude that the State’s silence evidences its consent to the change.
[2]  Therefore, we hold that the
trial court did not err in treating Appellant’s earlier punishment election by
the jury as effective, and having the jury assess punishment. 

We
overrule Appellant’s sole issue.

 

Disposition

We
affirm the judgment of the trial court.

 

 

                                                                                    Brian Hoyle

                                                                      
Justice

 

 

Opinion
delivered January 29, 2010.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 


)









                        [1] There are other ways in which a
jury might be called upon to assess punishment that are not pertinent here.  See,
e.g., Tex. Code Crim. Proc.
Ann. art. 26.14 (Vernon 2009) (jury generally assesses punishment in a
felony case where the defendant pleads guilty or nolo contendere). 





 

                [2] By declining to
assess punishment, the trial court implicitly found that the State did not
consent to Appellant’s request to revoke his jury punishment election.  We do
not disturb implied findings that, as here, are supported by the record.  See
Johnson v. State, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).