# NO. 12-09-00164-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STEVEN DWAIN GORE,*<br>*APPELLANT* | § | *APPEAL FROM THE SECOND* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *CHEROKEE COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Steven Gore appeals his felony conviction for driving while intoxicated (DWI). In his sole issue, he contends that it was reversible error for the trial court to submit the issue of punishment to the jury after he requested to change his earlier jury punishment election to punishment by the trial court. We affirm.

### BACKGROUND

On August 21, 2008, Appellant, while operating a motor vehicle, was stopped by Officer Darrell Hollis of the Jacksonville Police Department. Officer Hollis believed Appellant to be intoxicated and contacted Officer James Hogg for assistance in performing field sobriety tests. As a result of the information obtained from Officer Hogg, Appellant was arrested for DWI. He was indicted for DWI, enhanced to a third degree felony for two prior DWI convictions. Prior to trial, he elected that his punishment be assessed by the jury. At trial, Appellant was convicted of the charged offense. Upon hearing the verdict, Appellant moved to change his earlier jury punishment election to punishment by the trial court. The trial court denied his motion, and the jury sentenced him to eight years of imprisonment. Appellant timely appealed to this court.

**PUNISHMENT BY JURY**

In his sole issue, Appellant argues that the trial court erred in allowing the jury to assess punishment when he timely sought to revoke his earlier jury punishment election.

**<u>Standard of Review and Applicable Law</u>**

In noncapital cases, the trial court assesses punishment unless 1) the defendant files a sworn motion for jury-recommended community supervision before trial begins or 2) the defendant elects in writing before jury selection begins to have the jury assess punishment.[1] TEX. CODE CRIM. PROC. ANN. art. 37.07, § 2(b) (Vernon Supp. 2009). After a finding of guilty, the defendant may, with the state's consent, change his election of who assesses punishment. ***Id.*** This right to have a jury assess punishment is purely statutory and does not rise to the level of a constitutional right. ***Barrow v. State***, 207 S.W.3d 377, 380 (Tex. Crim. App. 2006).

**<u>Analysis</u>**

Prior to trial, Appellant timely filed an application for community supervision and his jury punishment election. Once the jury returned a guilty verdict, Appellant, by oral motion in open court, sought to change his election so that the trial court would assess punishment. The following exchange occurred:

> [DEFENSE COUNSEL]: We would like to amend our election and go to [the] Court for punishment.
>
> THE COURT: Do I have to approve it?
>
> [STATE'S COUNSEL]: It's discretionary with the Court, Your Honor.
>
> THE COURT: Not at this point.
>
> [DEFENSE COUNSEL]: Sir?
>
> THE COURT: Not at this point.
>
> [DEFENSE COUNSEL]: Okay.

Without further discussion on the subject, the trial court immediately asked whether the parties had any objections to the charge. After none were lodged, the trial court called the jury in to begin the

---

[1] There are other ways in which a jury might be called upon to assess punishment that are not pertinent here. *See, e.g.*, TEX. CODE CRIM. PROC. ANN. art. 26.14 (Vernon 2009) (jury generally assesses punishment in a felony case where the defendant pleads guilty or *nolo contendere*).

punishment phase of the trial. During its closing argument, the State recommended less than five years of imprisonment to the jury. However, the jury assessed eight years of imprisonment.

Appellant claims that the above quoted dialogue is tantamount to the State's consent to his request to change his jury punishment election. Therefore, he argues, the trial court was required to assess his sentence. In reaching this conclusion, Appellant relies on three cases decided by the court of criminal appeals. However, those three cases are distinguishable from the case at hand.

In the first case, the defendant filed an election for the jury to assess punishment. *Evans v. State*, 542 S.W.2d 139, 142 (Tex. Crim. App. 1976). After a guilty verdict, and with the express consent of the prosecutor, the defendant moved for the trial court to assess punishment. The court held a hearing and assessed punishment. The defendant then stated his intention to appeal, and the trial court vacated the sentence and recalled the jury for punishment. The court of criminal appeals held that once an election is made and the hearing is held on punishment pursuant to that timely election, the trial court must abide by that decision. *Id.* There was no dispute in *Evans* that the prosecutor expressly consented to the election.

In the second case cited by Appellant, the defendant timely opted for punishment to be assessed by the jury. *Garza v. State*, 479 S.W.2d 294, 296 (Tex. Crim. App. 1972). The trial court assessed punishment. The defendant argued that since the record was silent as to the State's consent, the trial court erred in assessing punishment. The court of criminal appeals concluded that the State's acquiescence and failure to object to the change was tantamount to consent. *Id.* at 297. In the third case, the court of criminal appeals followed *Garza* under similar facts and held that because no party objected, it was presumed that the parties agreed to punishment by the trial court. *Hackey v. State*, 500 S.W.2d 520, 521 (Tex. Crim. App. 1973).

Here, Appellant had timely elected that the jury assess his punishment. When he sought to change his election, the State maintained that it was "discretionary with the Court" as to whether the trial court had to approve the change. The trial court responded, "Not at this point," and, without further explanation, called in the jury for punishment. As in *Garza* and *Hackey*, the State did not voice any objection when Appellant changed his election to ask that the trial court assess his punishment. From its response to the trial court's question, however, it appears that the State was unaware that Appellant could change his election only if the State consented. Consequently,

we cannot conclude that the State's silence evidences its consent to the change. [2]   Therefore, we hold that the trial court did not err in treating Appellant's earlier punishment election by the jury as effective, and having the jury assess punishment.

We overrule Appellant's sole issue.

## DISPOSITION

We *affirm* the judgment of the trial court.


**BRIAN HOYLE**
Justice


Opinion delivered January 29, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*



(DO NOT PUBLISH)

---

[2] By declining to assess punishment, the trial court implicitly found that the State did not consent to Appellant's request to revoke his jury punishment election.  We do not disturb implied findings that, as here, are supported by the record.  *See Johnson v. State*, 169 S.W.3d 223, 239 (Tex. Crim. App. 2005).