NO.
07-11-0224-CR

                                                                              

                                                   IN
THE COURT OF APPEALS

 

                                       FOR
THE SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                      PANEL
B

 

                                                                 JUNE
17, 2011

                                            ______________________________

 

                                                           EARNEST
MANLEY,

 

Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS,

 

Appellee

                                         _________________________________

 

                     FROM
THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

 

                            NO.
98-427550; HON. JIM BOB DARNELL, PRESIDING

                                           _______________________________

 

                                                             Order
of Dismissal

                                           _______________________________

 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Earnest Manley, appellant,
attempts to appeal his conviction for aggravated robbery.  The court
imposed sentence on November 6, 1998.  His
notice of appeal was filed on May 6, 2011. 
We dismiss for want of jurisdiction.








To be timely, a notice of appeal must be filed
within thirty days after the sentence is imposed or suspended in open court or
within ninety days after that date if a motion for new trial is filed.  Tex. R. App. P. 26.2(a).  Therefore, the notice of appeal was due on
December 7, 1998.  

A timely filed notice of appeal is essential to
invoke our appellate jurisdiction.  Olivo
v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  If it is untimely, we can take no action
other than to dismiss the proceeding.  Id. at 523. 
Appellant's notice being untimely filed, we have no jurisdiction over
the matter and dismiss the appeal.

Accordingly, appellant=s
appeal is dismissed.[1]

 

Brian
Quinn 

       Chief Justice 

 

 

 

Do not publish.











[1]The appropriate vehicle for seeking
an out‑of‑time appeal from a final felony
conviction is by writ of habeas corpus pursuant to Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex. Code Crim. Proc. Ann. art. 11.07
(Vernon 2005).








yes;
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 2";
 mso-ansi-font-size:13.0pt;
 mso-bidi-font-size:13.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading3Char
 {mso-style-name:"Heading 3 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 3";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;}
span.Heading4Char
 {mso-style-name:"Heading 4 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 4";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
span.Heading5Char
 {mso-style-name:"Heading 5 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 5";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;}
span.Heading6Char
 {mso-style-name:"Heading 6 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 6";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#243F60;
 font-style:italic;}
span.Heading7Char
 {mso-style-name:"Heading 7 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 7";
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.Heading8Char
 {mso-style-name:"Heading 8 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 8";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;}
span.Heading9Char
 {mso-style-name:"Heading 9 Char";
 mso-style-priority:9;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Heading 9";
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#404040;
 font-style:italic;}
span.TitleChar
 {mso-style-name:"Title Char";
 mso-style-priority:10;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Title;
 mso-ansi-font-size:26.0pt;
 mso-bidi-font-size:26.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#17365D;
 letter-spacing:.25pt;
 mso-font-kerning:14.0pt;}
span.SubtitleChar
 {mso-style-name:"Subtitle Char";
 mso-style-priority:11;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Subtitle;
 mso-ansi-font-size:12.0pt;
 mso-bidi-font-size:12.0pt;
 font-family:"Arial","sans-serif";
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:"Times New Roman";
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:"Times New Roman";
 color:#4F81BD;
 letter-spacing:.75pt;
 font-style:italic;}
span.QuoteChar
 {mso-style-name:"Quote Char";
 mso-style-priority:29;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Quote;
 color:black;
 font-style:italic;}
span.IntenseQuoteChar
 {mso-style-name:"Intense Quote Char";
 mso-style-priority:30;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Intense Quote";
 color:#4F81BD;
 font-weight:bold;
 font-style:italic;}
p.NewDocument, li.NewDocument, div.NewDocument
 {mso-style-name:"New Document";
 mso-style-unhide:no;
 mso-style-qformat:yes;
 mso-style-next:Normal;
 margin-top:0in;
 margin-right:0in;
 margin-bottom:10.0pt;
 margin-left:0in;
 line-height:115%;
 mso-pagination:widow-orphan;
 font-size:12.0pt;
 mso-bidi-font-size:11.0pt;
 font-family:"Arial","sans-serif";
 mso-fareast-font-family:Arial;
 mso-bidi-language:EN-US;}
span.BalloonTextChar
 {mso-style-name:"Balloon Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Balloon Text";
 mso-ansi-font-size:8.0pt;
 mso-bidi-font-size:8.0pt;
 font-family:"Tahoma","sans-serif";
 mso-ascii-font-family:Tahoma;
 mso-hansi-font-family:Tahoma;
 mso-bidi-font-family:Tahoma;
 mso-bidi-language:EN-US;}
span.HeaderChar
 {mso-style-name:"Header Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Header;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FooterChar
 {mso-style-name:"Footer Char";
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:Footer;
 mso-ansi-font-size:11.0pt;
 mso-bidi-font-size:11.0pt;
 mso-bidi-language:EN-US;}
span.FootnoteTextChar
 {mso-style-name:"Footnote Text Char";
 mso-style-noshow:yes;
 mso-style-priority:99;
 mso-style-unhide:no;
 mso-style-locked:yes;
 mso-style-link:"Footnote Text";
 font-family:"Calibri","sans-serif";
 mso-fareast-font-family:Calibri;
 mso-fareast-theme-font:minor-latin;
 mso-bidi-font-family:"Times New Roman";
 mso-bidi-theme-font:minor-bidi;}
span.SpellE
 {mso-style-name:"";
 mso-spl-e:yes;}
span.GramE
 {mso-style-name:"";
 mso-gram-e:yes;}
.MsoChpDefault
 {mso-style-type:export-only;
 mso-default-props:yes;
 font-size:10.0pt;
 mso-ansi-font-size:10.0pt;
 mso-bidi-font-size:10.0pt;
 mso-ascii-font-family:Arial;
 mso-fareast-font-family:Arial;
 mso-hansi-font-family:Arial;
 mso-bidi-font-family:Arial;}
 /* Page Definitions */
 @page
 {mso-footnote-separator:url("07-09-0285.cr%20opinion_files/header.htm") fs;
 mso-footnote-continuation-separator:url("07-09-0285.cr%20opinion_files/header.htm") fcs;
 mso-endnote-separator:url("07-09-0285.cr%20opinion_files/header.htm") es;
 mso-endnote-continuation-separator:url("07-09-0285.cr%20opinion_files/header.htm") ecs;}
@page Section1
 {size:8.5in 11.0in;
 margin:1.0in 1.0in 1.0in 1.0in;
 mso-header-margin:.5in;
 mso-footer-margin:.5in;
 mso-page-numbers:1;
 mso-title-page:yes;
 mso-footer:url("07-09-0285.cr%20opinion_files/header.htm") f1;
 mso-paper-source:0;}
div.Section1
 {page:Section1;}
-->








NO. 07-09-00285-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



JULY
21, 2010

 



 

BRETT JOHNSON, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-422,580; HONORABLE CECIL G. PURYEAR, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

After the trial court overruled his
motion to require the State to divulge the name of the confidential informant,
appellant, Brett Johnson, pleaded guilty to the offense of possession with
intent to deliver a controlled substance, cocaine, in an amount of four grams
or more but less than 200 grams.[1]  After hearing the evidence regarding
punishment, including appellant’s plea of true to the enhancement paragraph of
the indictment, the jury assessed appellant’s punishment at confinement in the
Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ)
for a term of 60 years and a fine of $10,000. 
Appellant appeals the denial of the motion to identify the confidential
informant.  We affirm.

Factual and Procedural Background

            On
February 4, 2009, officers of the Lubbock Police Department executed a search
warrant on Room 139 of the Tech Inn in Lubbock, Texas.  The search was preceded by several hours of
surveillance on the room.  The
surveillance revealed that a number of different individuals were coming and
going from the room.  Appellant was named
as occupant on the registration form for the room.  Upon execution of the search warrant,
quantities of both powder cocaine and crack cocaine, along with narcotics
paraphernalia, were seized.  Appellant
was in the room standing next to a small dresser where some of the contraband
was found.  

            Prior
to the issuance of the search warrant, a confidential informant had made a
controlled purchase of suspected cocaine from appellant.  Additionally, the affidavit stated that the
confidential informant had been inside of Room 139 within the preceding 72
hours and observed a substantial amount of cocaine base.  Based upon this information, a magistrate for
Lubbock County issued the search warrant that was subsequently served.  

            Appellant
was indicted on the instant offense on March 4, 2009.  On June 19, 2009, the trial court held a
hearing on pretrial motions.  At this
hearing, appellant’s trial counsel raised the issue of disclosure of the
identity of the confidential informant. 
The State requested that the matter be set for a separate hearing, which
the trial court granted.  On July 13,
2009, the trial court conducted a hearing on appellant’s motion to reveal the
identity of the confidential informant. 
Appellant testified at that hearing and, after hearing appellant’s
testimony, the trial court ruled that appellant had met his initial burden of
making a plausible showing that the confidential informant could give testimony
necessary to a fair determination of guilt. 
The State then invoked the privilege not to reveal the informant’s
identity pursuant to Texas Rule of Evidence 508.  See Tex.
R. Evid. 508.[2]  The State then requested permission to
present either live testimony or affidavits to support its position that the
identity of the confidential informant was not required.  At the same time, the State requested
permission to submit case law for the trial court’s consideration, along with
the affidavits.  The trial court granted
the request and ordered the affidavits to be filed by July 17th.  On July 29, 2009, prior to beginning voir dire examination, the trial court reconvened the
pretrial hearing regarding the identity of the confidential informant.  At that time, the trial court overruled the
motion with the following statement: “The Court is going to deny the request
based upon case law.”  It is this
statement which forms the basis for appellant’s contention on appeal.

            Appellant
contends that based upon the statement of the trial court, the trial court did
not consider the affidavits prior to denying the request to reveal the identity
of the informant.  We do not so construe
the trial court’s statement and, therefore, overrule appellant’s contention.

 

Standard of Review

            We
review the trial court’s action in denying the motion to reveal the identity of
the informant under an abuse of discretion standard.  See Ford v. State, 179 S. W. 3d
203, 210 (Tex.App.—Houston [14th Dist.]
2005, pet. ref’d). 
A trial court abuses its discretion only when its decision falls outside
the zone of reasonable disagreement.  See
Salazar v. State, 38 S.W.3d 141, 151 (Tex.Crim.App. 2001).

Analysis

            Appellant
presents a single issue for our consideration. 
Appellant contends that the trial court’s ruling of July 29, 2009, must
be read to mean that the trial court ruled against revealing the informant’s
identity solely based upon the case law submitted by the State and, therefore,
did not consider the affidavits also submitted by the State.  This is error, according to appellant, because the effect of the trial court’s initial
ruling on July 13, 2009, was that appellant had made a plausible showing that
the informant could give testimony necessary for a fair determination of
guilt.  See Bodin
v. State, 807 S.W.2d 313, 318-19 (Tex.Crim.App.
1991) (holding that once a defendant meets the initial requirement of a
plausible showing of how informer’s information may be important, an in camera hearing is required).  According to appellant’s theory, the words
used by the trial court in overruling appellant’s motion demonstrate that the
trial court did not consider the affidavits in making its ruling.  

            We do not view the language used by
the trial court as narrowly as does appellant. 
The record before us clearly demonstrates that: 1) the trial court did
rule that appellant had made a plausible showing of need for the informant’s
identity; 2) the State invoked the privilege not to disclose pursuant to Rule
508; and 3) the State asked to present affidavits for in camera examination by the trial court to refute appellant’s
plausible showing of need.  Further, the
record demonstrates that the affidavits were, in fact, presented to the trial
court prior to its final ruling on July 29, 2009.  This is so because after the trial court’s
ruling on July 29, 2009, the State’s attorney made the following request of the
trial court concerning the affidavits:

Your honor,
within this particular case the State had provided the Court as far as that
affidavit, and we would ask that that be submitted to the record as far as
in-camera and sealed for any appellate purposes.

The trial court granted
the request and, significantly, appellant did not object to this
procedure.  

            In
addressing the complaint of appellant, we are limited to the record before
us.  Absent a showing to the contrary,
there is a presumption of regularity attending the proceedings in the trial
court.  See Wright
v. State, 873 S.W.2d 77, 80 (Tex.App.—Dallas
1994, pet. ref’d).  The burden is on the appellant to overcome
the presumption.  Id.  Where the record does not affirmatively
reflect that procedural requirements were violated, the presumption of
regularity must prevail.  Id.
(citing Jones v. State, 646 S.W.2d 449, 449 (Tex.Crim.App.
1983)).  Finally, there is the matter of
the State’s request to have the affidavit included in the record.  If the affidavit had not been reviewed by the
trial court, appellant had a duty to object to the request to include the
affidavit in the record on appeal.  See
Tex. R. App. P. 33.1.  In this case, the appellant’s silence acted
as acquiescence to the request by the State’s attorney and the trial court’s
granting of said request.  See Davis
v. State, 507 S.W.2d 740, 741 (Tex.Crim.App.
1974) (where record is silent, appellate court presumes that proper number of
jurors impanelled); Garza v. State, 479 S.W.2d
294, 296-97 (Tex.Crim.App. 1972) (where record is silent,
appellate court presumes that the State acquiesced in judge assessing
punishment); Jones v. State, 644 S.W.2d 546, 549 (Tex.App.—Dallas
1982, pet. ref’d) (where record is silent as to when
motion was filed, appellate court presumes it to support trial judge’s ruling
that motion was filed after pleading to the indictment).  Accordingly, when we consider all of the
circumstances of the case, we are of the opinion that the trial court’s action
in overruling appellant’s motion to reveal the informant was proper and not an
abuse of discretion.   See
Edwards v. State, 813 S.W.2d 572, 580 (Tex.App.—Dallas
1991, pet. ref’d).  Appellant’s sole issue is overruled.

Conclusion

            Having
overruled appellant’s single issue, we affirm the judgment of the trial court.

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

Do not publish.  

 











[1]
Tex. Health &
Safety Code Ann. § 481.112(d) (Vernon
Supp. 2009).





[2]
Further reference to the Texas Rules of Evidence
will be by reference to “Rule ___.”